# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE PEYTON, | CV F   05-1334 REC DLB HC |
| Petitioner, | ORDER DIRECTING PETITION TO AMEND PETITION |
| v. | [Doc. 1] |
| JEANICE WOODWORD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 22, 2005, in the United States District Court for the Eastern District of California, Sacramento Division.  By order of October 17, 2005, the case was transferred to the Fresno Division.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus.  The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A.   Failure to State Claim

1

1    In the instant petition, Petitioner is challenging the procedure regarding the issuance of a
2 rules violation report.
3    Petitioner is advised that a federal court may only grant a petition for writ of habeas
4 corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28
5 U.S.C. § 2254 (a).  A petition for writ of habeas corpus must specify the grounds for relief.  Rule
6 2(c) of the Rules Governing Section 2254 Cases.  The petition must also allege the facts
7 surrounding petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific
8 factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v.
9 Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.
10 1989).  In addition, a petition presented in *pro se* must be upon the form approved by the court.
11 See  Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190  This rule ensures
12 that all information needed is before the court.  Each ground for relief must be *clearly stated* and
13 *allege what federal constitutional violation has occurred*, *along with providing facts that support*
14 *the grounds for relief*.   If a petition contains no grounds entitling the petitioner to habeas corpus
15 relief, the court must dismiss the petition.  Rule 4 of the Rules Governing Section 2254 Cases.
16    Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or
17 property without due process of law.  Prisoners retain their right to due process subject to the
18 restrictions imposed by the nature of the penal system.  Wolff v. McDonnell, 418 U.S. 539, 556
19 (1974).
20    A prisoner in a prison disciplinary hearing is not entitled to the full array of due process
21 rights that a defendant possesses in a criminal prosecution. Id. at 556.  However, a prisoner who
22 is accused of serious rules violations and who may be deprived of his or her good-time credits is
23 entitled to certain minimum procedural protections.  Id. at 571-71 n. 9.
24    The process due in such a prison disciplinary hearing includes: (1) written notification of
25 the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a
26 written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary
27 action; (4) the inmate facing the charges should be allowed to call witnesses and present
28 documentary evidence in his defense when permitting him to do so will not be unduly hazardous

1 to institutional safety or correctional goals. Id. at 564, 566, 570.

2     In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." Superintendant v. Hill, 472 U.S. 445, 454 (1985).  The U.S. Supreme Court has held that "ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.  The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not enough evidence to meet Hill standard.)

    Petitioner's petition does not state with clarity the nature of his due process challenge. Petitioner merely contends in conclusory terms that his due process rights were violated in relation to the issuance of the rules violation report.  Beyond that, Petitioner does not elaborate on the factual allegations underlying his claim.  Conclusory allegations do not warrant habeas relief. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief). The Court will grant Petitioner an opportunity to submit an amended petition to cure the deficiency.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Within thirty (30) days from the date of service of this order, Petitioner shall submit a an amended petition clearly setting forth his claim(s) for relief as outlined herein;

///
///
///

1     2.     The Clerk of Court shall send Petitioner a blank § 2254 form petition; and

2     3.     Failure to comply with this order will result in a recommendation that the instant

3            petition be dismissed for failure to state a claim upon which relief may be granted

4            and for failure to comply with a court order.

5   IT IS SO ORDERED.

6   Dated:   __January 24, 2006__           _____/s/ Dennis L. Beck_____
    3b142a                                  UNITED STATES MAGISTRATE JUDGE