IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEE PEYTON, | ) | 1:05-cv-01334-REC-DLB-HC |
| | ) | |
| Petitioner, | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | |
| vs. | ) | (Doc. 7) |
| | ) | |
| JEANICE WOODWORD, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

By order filed January 25, 2006, the court found that the petition failed to state any claims for relief against the named Respondent. The court dismissed the petition and ordered Petitioner to file an amended petition within thirty (30) days from the date of service of that order. More than thirty days have passed and Petitioner has not filed an amended petition or otherwise responded to the court's order.[1]

---

[1] In fact, on February 7, 2006, the order was returned to the Court indicating that it was "undeliverable." (Court Doc. 8.) Pursuant to Local Rule 83-182(f) each party is under a continuing duty to inform the Court of any change of address.

1

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondent; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order of January 25, 2006, requiring Petitioner to file an amended petition expressly stated: "Failure to comply with this order will result in a recommendation that the instant petition be dismissed for failure to state a claim upon which relief may be granted and for failure to comply with a court order." Thus, Petitioner had

---

Absent such notice, service of documents at the prior address of record of the party is effective service.  Local Rule 83-182(f).

2

1  adequate warning that dismissal would result from his noncompliance
2  with the court's order.
3      Accordingly, the court HEREBY RECOMMENDS that the instant
4  petition be DISMISSED for Petitioner's failure to comply with the
5  court's order of January 25, 2006, and for the reasons set forth
6  therein, namely, for failure to state a claim upon which relief may
7  be granted.
8      These Findings and Recommendations are submitted to the United
9  States District Court Judge assigned to the case pursuant to the
10 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
11 Local Rules of Practice for the United States District Court,
12 Eastern District of California.  Within thirty (30) days after
13 being served with a copy, any party may file written objections
14 with the court and serve a copy on all parties.  Such a document
15 should be captioned "Objections to Magistrate Judge's Findings and
16 Recommendations."  Replies to the objections shall be served and
17 filed within ten (10) <u>court</u> days (plus three days if served by
18 mail) after service of the objections.  The Court will then review
19 the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
20 (b)(1)(C).  The parties are advised that failure to file objections
21 within the specified time may waive the right to appeal the
22 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
23 1991).
24     IT IS SO ORDERED.
25  **Dated:   March 10, 2006**              **/s/ Dennis L. Beck**
    3b142a                              UNITED STATES MAGISTRATE JUDGE
26
27
28

3