UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE PEYTON, | 1: 05 CV 1334 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS PETITION |
| v. | |
| JEANICE WOODFORD, | [Docs. 16, 17] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

Petitioner is a California state inmate who is challenging a prison disciplinary violation.

In the instant petition, Petitioner contends that prison officials have violated his due process and equal protection rights by failing to adjudicate his rules violation report within the time constraints depriving him of his liberty interest and his right to question potential witnesses during the hearing, preventing Petitioner from presenting an adequate defense. (Amd. Pet., attached Memorandum of Points and Authorities, at 1.)

Petitioner was initially found guilty of assaulting a peace officer at his first disciplinary hearing adjudicated on June 11, 2004. Specifically, Petitioner was found guilty of kicking a food tray towards a correctional officer, injuring him, and then spitting upon him. (Exhibit A, at 4, attached to Amd. Pet.) Petitioner was assessed a forfeiture of 150 days of credits and referred to

1

1  ICC for a SHU audit.  (Id. at 5.)

2  Petitioner sought administrative and state review.  Petitioner filed a state petition for writ
3  of habeas corpus at the California Court of Appeal, Fifth Appellate District on December 29,
4  2004, which was denied on January 13, 2005.  (Amd. Pet., at 4; Opposition, at 21-28.)  Then
5  Petitioner filed a petition for review at the California Supreme Court on February 9, 2005, which
6  was also denied on April 20, 2005.  (Amd. Pet., at 4; Opposition, at 32-36.)

7  Prison officials agreed that Petitioner was entitled to a new hearing, as some witnesses
8  had not been interviewed for the first hearing, and the first rules violation report was withdrawn
9  by order of the Associate Warden on September 14, 2004, and ordered to be reissued and
10 reheard.  (Exhibit E, at 1, attached to Amd. Pet.)

11 Now pending before the Court is Respondent's motion to dismiss, filed June 26, 2006.
12 (Court Doc. 16.)  Petitioner filed an opposition on July 26, 2006.[1]  (Court Doc. 17.)

13                                    DISCUSSION

14 I.     Procedural Grounds for Motion to Dismiss

15 The rules governing section 2254 cases permit a district court to dismiss summarily a first
16 petition without waiting for the State's response if "it plainly appears from the face of the
17 petition and any exhibits annexed to it that the petitioner is not entitled to relief."  See Rule 4,
18 Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a
19 motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust
20 state remedies or being in violation of the state's procedural rules.  See e.g. O'Bremski v. Maass,
21 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure
22 to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4
23 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley,
24 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  A Respondent can file a motion to

---

26  [1] On August 18, 2006, Petitioner filed a document requesting a copy of his amended petition and requests
27 the status of his case. (Court Doc. 18.) Petitioner essentially expresses his concern as to whether the Court received
his opposition submitted on July 23, 2006. As stated above, the Court has received and considered Petitioner's
28 opposition, filed with the Court on July 26, 2006. Therefore, the instant motion is fully submitted to the Court for
consideration.

dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  Hillery v. Pulley, 533 F.Supp. at 1194 & n.12.  Thus, the Court will review Respondent's motion to dismiss the instant petition pursuant to Rule 4.

II.     Petition is Moot

Respondent argues that the instant petition is moot.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). "Some collateral consequence of the conviction must exist, however, in order for the suit to be maintained." Wilson v. Terhune, 319 F.3d 477 (9th Cir. 2003), *cert. denied* 539 U.S. 933 (2003) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998).)  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

As previously stated, the Associate Warden withdrew the first disciplinary rules violation report and granted a rehearing.  Therefore, any challenge to that rules violation report is now moot, as there is no relief to be granted.  Although as Respondent points out, Petitioner did unfortunately serve a term in the Security Housing Unit ("SHU") for that violation, however, there is no remedy to be granted for that in a habeas corpus action.

Further, as Respondent argues, Petitioner cannot complain about the second disciplinary hearing because he was only found guilty of a minor offense and suffered no credit loss at all. (Attachment to Respondent's motion to dismiss.)  Because the first disciplinary rules violation

1 was withdrawn, and the second rules violation resulted in no loss of credits, the action is moot.

2 III.    Failure to Exhaust Claims in State Court

AEDPA requires that Petitioner's federal claim be first fairly presented to the state's highest court. 28 U.S.C. §2254(b); Castille v. Peoples, 489 U.S. 346 (1989); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Lindquist v. Gardner, 770 F.2d 876, 877-78 (9th Cir. 1985).

As previously stated, the original disciplinary charges against Petitioner were withdrawn. The rehearing on those charges did not take place until March 4, 2005. As Respondent argues, the state court proceedings through which Petitioner claims to have exhausted the state court remedies did not begin until December of 2004. Thus, Petitioner could not have fairly presented his constitutional challenges to the California Supreme Court for review on February 9, 2005, since the disciplinary re-hearing did not occur until March 2, 2005, after Petitioner filed his state habeas corpus petitions.[2] The Court must dismiss without prejudice a petition that contains only unexhausted claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Respondent's motion to dismiss be GRANTED; and

2.    The instant petition for writ of habeas corpus be DISMISSED, without prejudice, as MOOT, and UNEXHAUSTED.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

---

[2] Because the instant petition is unexhausted, the Court does not reach the merits of Petitioner's petition.

1   636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
2   may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3   Cir. 1991).
4        IT IS SO ORDERED.
5        **Dated:     August 28, 2006**                          **/s/ Dennis L. Beck**
     3b142a                                              UNITED STATES MAGISTRATE JUDGE