# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LEE PEYTON,

Petitioner,

v.

JEANICE WOODWORD,

Respondent.

/

CV F 05-1334 AWI DLB HC

ORDER REGARDING PETITIONER'S MOTION FOR ORDER TO RESPONDENT AND FOR DETERMINATIVE RULING ON FACTUAL MERITS OF DISPUTE

[Doc. 31]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 28, 2006, the Magistrate Judge issued Findings and Recommendations recommending that Respondent's motion to dismiss the petition be granted. (Court Doc. 19.) After receiving an extension of time, Petitioner filed objections to the Findings and Recommendations on November 15, 2006. (Court Doc. 25.) On November 29, 2006, Petitioner filed a motion entitled "Motion For Order To Respondent To Cease Obstruction of Petitioner Access To Courts." (Court Doc. 29.) On December 8, 2006, the Court construed Petitioner's November 29, 2006, motion as a request for an extension of time and granted said request. (Court Doc. 30.) Now pending before the Court is Petitioner's motion entitled "Motion For 'Order' To Respondent And For Determinative Ruling On Factual Merits of Dispute," filed December 26, 2006. (Court Doc. 31.)

In his motion, Petitioner states that the Court misconstrued his motion filed on November 29, 2006, as a request for an extension of time. Petitioner states that he has been deprived of his legal property and he is seeking a court order for Respondent to afford him his legal property. The Court construes Petitioner's request as a request for a preliminary injunction.

First, Petitioner is advised that generally claims concerning the conditions of one's confinement are more properly raised in a civil rights complaint filed pursuant to 28 U.S.C. § 1983. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, a civil rights action is the proper method for a prisoner to challenge the conditions of his confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S.Ct. 1737, 1741-42 (1991); Preiser, 411 U.S. at 499, 93 S.Ct. at 1841; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Second, Petitioner fails to establish he is entitled to preliminary injunctive relief. To prevail on such a request, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting* Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

Petitioner alleges a denial of his right of access to the courts. The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions

challenging conditions of confinement. Id. at 354-55. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996). The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. Further, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with must involve either an inmate's attempt to attack his sentence or an action to challenge the conditions of his confinement. The Ninth Circuit has interpreted this to mean that the right extends only through the pleading stage, and is not a right to successfully litigate the matter through resolution. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

Petitioner does not demonstrate what injury he will suffer in the instant case. Rather, Petitioner generalizes that the failure to have access to his legal property will hinder his pending cases. In the instant action, Petitioner filed objections to the Findings and Recommendations on November 15, 2006, and although it appears that Petitioner may be attempting to file a supplement to his objections, Petitioner does not demonstrate actual injury. Petitioner's claim clearly involves his ability to litigate his case. As noted above, the right to court access only extends through the pleading stage. Clearly, Petitioner has been afforded access as his petition for writ of habeas corpus is currently pending and has been considered by this Court.[1] In sum, the actions complained of do not demonstrate imminent or actual injury as is required by Lewis v. Casey, 518 U.S. 343, 349-350 (1996). Thus, the Court finds that Petitioner has not been denied access to the Courts. As a result, Petitioner has failed to demonstrate a threat of irreparable harm, and his request for a preliminary injunction must be DENIED.

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion for a preliminary injunction is DENIED; and

[1] In fact, a recommendation to dismiss the petition as moot is currently pending. (Court Doc. 19.)

2. Any supplemental objections shall be filed within **twenty (20)** days from the date of service of this order.

IT IS SO ORDERED.

**Dated: January 11, 2007** **/s/ Anthony W. Ishii**
0m8i78 UNITED STATES DISTRICT JUDGE